**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**TONY HILL ,** | 1:15-mc-00008-SAB<br><br>ORDER REGARDING PLAINTIFF'S ACCESS TO E-FILING SYSTEM AT CORCORAN STATE PRISON AND DIRECTING CLERK OF COURT TO RETURN COPY OF DOCUMENTS STAMP RECEIVED JANUARY 26, 2015 |

On February 5, 2015, the Court received several documents from inmate Tony Hill in which he contends that prison officials have denied him access to the law library and deliberately ignored this Court's Standing Order to file a civil rights complaint by utilizing the electronic case filing system at Corcoran State Prison.

On February 12, 2015, the Court served a copy of Mr. Hill's documentation on Supervising Deputy Attorney General Monica Anderson and directed Ms. Anderson to file a response to Mr. Hill's documentation within ten days.

After receiving an extension of time, Ms. Anderson filed a response on March 4, 2015, and Plaintiff filed a reply on March 19, 2015. The matter is now submitted to the Court for review and ruling.[1]

///

---

[1] Except for specifically identified motions not at issue here, a magistrate judge is permitted to hear and determine any pretrial matter that is not dispositive of a claim or defense pending before the court. 28 U.S.C. § 636(b)(1); Local Rule 302. As the issue addressed here is not dispositive of Plaintiff's action, but merely addresses the manner in which his case must be filed, the Court shall proceed by order.

1

# I.

# DISCUSSION

On October 1, 2014, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that implemented a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed. As part of this pilot program, CDCR has agreed to collaborate with the Court to include Corcoran and Pleasant Valley State Prisons. This pilot program is designed to reduce the costs of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed in forma pauperis without prepayment of fees, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Initial filings from inmate Plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.[2]

While e-filing is mandatory at the designated prisons, it also provides benefits to inmates who file under this program. E-filing is faster and cheaper than filing via the U.S. Postal Service. You pay no copy charges or postage fees when you e-file, and the original documents are returned to the inmate. The e-filing process is initiated by the inmate submitting his case filings to the CDCR staff in the inmate's housing unit or law library. CDCR staff will scan and arrange for scanning your documents. CDCR staff will then return the originals to the Plaintiff with a designated stamp that indicates the documents were scanned and emailed for filing complete with a date, page number and

---

[2] Since the e-filing program has no way of collecting filing fees, inmate Plaintiffs who wish or must pay a full filing fee must submit their initial filings through the United States mail.

initials of the person scanning.  While page limits are imposed on the initial filing, Plaintiffs re also afforded an opportunity to seek relief from the Standing Order's page limit by way of a motion at the time they file their filing.[3]  Upon receipt of the initial filing, the Court opens a case, assigns a case number and generates initial case opening documents.  The Court emails back the prisoner new case numbers, which are then delivered to the inmate by CDCR staff.  This turnaround not only saves costs to Plaintiffs but also results in quicker receipt of filing and initial documents as the process is not completed through the United States mail.  After the filing of the initial complaint and the return of the new case documents, all further filings and correspondence with the court proceed as normal and by the U.S. Postal Service mail.

In this instance, Mr. Hill is a general population inmate at Corcoran State Prison.  As such, he is allowed to use the law library during his yard time, by simply submitting a request for access via a CDCR Form 22-to be scheduled for library use.  (ECF No. 5-1, Decl. of B. Van Klaveren ¶ 5.)[4]

A CDCR Form 22 is an inmate/parolee request, used when an inmate wants to access the law library outside of his regular yard time.  An inmate can fill out a Form 11, asking for access to the law library.  The Form 22 is processed through institutional mail to the law library.  Law library staff will complete the lower portion of the Form 22 and return it to the inmate with a date and time to go to the law library.  Institutional mail is picked up in the housing units during the evenings of third watch, or the 2 -10 p.m. shift.  Based on Priority Legal Users (PLU) and Form 22 scheduled requests, Daily Library Lists are also produced and taken to each housing unit.  Inmates are informed by staff via public address systems on the day they are scheduled.  Law librarians also frequent the housing units and will pick up Form 22's at the housing unit as well, if any relate to library issues.  (Decl. of B. Van Klaveren ¶ 8.)

---

[3] Under the Standing Order, at the initial filing a Plaintiff is limited to the following page limits: civil cover sheet (1 page); civil complaint, including any exhibits (25 pages); and IFP application and specifically enumerated motions (combined total of 15 pages).  Under the Standing Order, specifically enumerated motions include "a motion seeking relief from this Standing Order or a motion for emergency relief."  See Standing Order ¶ 2.

[4] B. Van Klaveren is a Library Principal employed by the California Department of Corrections and Rehabilitation (CDCR).

On or about December 29, 2014, B. Van Klaveren was informed by litigation coordinator, M. Kimbrell, of Mr. Hill's letter to the Court regarding his inability to file a civil rights lawsuit. (Decl. of Van Klaveren ¶ 4.) On this same day, Van Klaveren went to Mr. Hill's housing unit and spoke with him regarding his complaint. Mr. Hill did not have a civil cover sheet with his original documents, and the complaint he wanted to e-file exceeded the page limits under the Standing Order. Van Klaveren instructed Mr. Hill as to what he needed to do to e-file his documents. (Decl. of Van Klaveren ¶ 6.) Specifically, Van Klaveren instructed Mr. Hill at that time to reduce the number of pages, fill out the civil cover sheet, and complete the Form 22 to request to utilize the law library. He was also informed regarding requesting an Informa Pauperis Certified Trust Statement to accompany the e-file documents. (Decl. of Van Klaveren ¶ 7.) Despite Van Kalveren's instructions, Mr. Hill did not attempt to e-file his documents. (Decl. of Van Klaveren ¶ 9.)

On February 2, 2015, Van Kalveren went again to Mr. Hill's cell to discuss his issues with e-filing. The litigation coordinator, M. Kimbrell, accompanied her. Van Klaveren and Kimbrell brought with them a blank civil cover sheet for Mr. Hill to complete so he could comply with the Standing Order to file his complaint. (Decl. of Van Klaveren ¶ 10; ECF No. 5-2, Decl. of M. Kimbrell ¶ 6.)

Mr. Hill initially did not want to speak to Van Klaveren or Kimbrell until he wrote down their full names (with exact spelling) and titles. After receiving the information, Mr. Hill began to proclaim his innocence of his criminal conviction and claim that no one has any control over him but God and a federal judge. (Decl. of Van Klaveren ¶ 11; Decl. of Kimbrell ¶ 7.)

Van Klaveren asked Mr. Hill for a copy of his complaint, and told him she would take it to the law library and e-file it. Mr. Hill refused to give the complaint to Van Klaveren or Kimbrell to e-file, claiming they were engaged in a conspiracy. (Decl. of Van Klaveren ¶ 12; Decl. of Kimbrell ¶ 8.) Mr. Hill informed Van Klaveren and Kimbrell that he filled out a Form 22 to go to the library, but when he received the Form 22 back, on January 16, 2015, the date he had been ducated on the Form 22 to go the library (January 14, 2015) had already passed. (Decl. of Van Klaveren ¶ 13; Decl. of Kimbrell ¶ 9.)

4

After speaking with Mr. Hill on February 2, 2015, Van Klaveren and Kimbrell went to the law library on Hill's yard, 3A, and spoke to the yard librarian, LTA E. Carmichael, to determine whether Mr. Hill had been to the library. They also reviewed legal mail logs and documents. (Decl. of Van Klaveren ¶ 14; Decl. of Kimbrell ¶ 10.) The law library documents indicate the following: On November 6, 2014, Mr. Hill completed a legal material request form, seeking copies of documents and forms, as well as envelopes. Hill also received a copy of the Eastern District Civil Rights Form Complaint. (Decl. of Van Klaveren ¶ 15, Attachment 1.)

In his reply, Mr. Hill continues to claim that he was not called to the library on January 14, 2015. (ECF No. 7, Reply at 3.) Mr. Hill's contention is clearly refuted by the evidence before the Court. The law library logs show that Mr. Hill went to the law library on Wednesday, January 14, 2015, and was in the library from 12:45–2:00 p.m. The 3A library list verifies that Mr. Hill was ducated to the law library on January 14, 2015. (Decl. of Van Klaveren ¶ 16, Attachments 2 and 3; ECF No. 5-3, Decl. of E. Carmichael ¶ 2.)[5] Although Mr. Hill went to the law library, he did not ask to e-file his complaint. Mr. Carmichael declares that on January 14, 2015, Mr. Hill conducted legal research and never asked the librarian to e-file anything. (Decl. of E. Carmichasel ¶ 2.)

Mr. Hill's legal mail log reflects that he received legal mail on December 30, 2014, and January 2, 2015. He sent out legal mail on January 2, 2015, to the United States District Court for the Eastern Division of California. (Decl. of Van Klaveren ¶ 18 and Attachment 4.)

As of the date of Ms. Anderson's filing, March 4, 2015, Mr. Hill has not submitted his complaint to the law library staff for e-filing. Van Klaveren has not attempted to directly contact Mr. Hill since February 2, 2015, when he made it clear that he would not get her a copy of his complaint to e-file for him. (Decl. of Van Klaveren ¶ 19.)

However, on March 2, 2015, Ms. Kimbrell went to Hill's cell again and asked if he had a civil complaint he wanted to e-file. Mr. Hill indicated that the court would not accept a copy. Ms. Kimbrell agreed to take a copy with an original signature page as it was going to be scanned so it would come out as a copy anyway to the courts. Mr. Hill then indicated that wouldn't work because

---

[5] E. Carmichael is a Library Tech Assistant employed by CDCR.

5

he added several new defendants and the complaint was in Fresno.  He then told Kimbrell that if he receives it back, he will fill out a CDCR 22 form to gain access to the law library.   (Decl. of Kimbrell ¶ 11.)

## II.

## CONCLUSION AND ORDER

Based on the evidence before the Court, Mr. Hill has refused to give his complaint to the Litigation Coordinator and Librarian on two separate occasions even when approached for such purpose.  It is clear that it is actions of Mr. Hill in failing to comply with Corcoran's procedures, and not prison officials, which have prevented him from utilizing the e-filing system.  There is no basis for Court intervention and Mr. Hill must comply with the normal procedures pursuant to the Court's Standing Order to have his complaint e-filed with this Court.  In the interest of justice, the Court will return all documentation submitted to the Court, including the form complaint to Mr. Hill for purposes of re-filing in compliance with the Court's Standing Order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for Court intervention is DENIED;
2. Plaintiff must comply with the Court's Standing Order, effective October 1, 2014 to have his complaint e-filed by this Court and the failure to do so will result in return of the complaint as not filed;
3. The Clerk of Court is directed to return all documentation stamp received by the Court on January 26, 2015 (ECF No. 2); and
4. The Clerk of Court is directed to send Plaintiff a copy of the Standing Order, effective October 1, 2014, relating to the e-filing program.

IT IS SO ORDERED.

Dated:   **March 26, 2015**

UNITED STATES MAGISTRATE JUDGE